## OLIVE et al. v. MORRIS.
### No. 10283.

Court of Civil Appeals of Texas. Galveston.
July 2, 1936.

Rehearing Denied July 16, 1936.

Fahey & Cooper, of Houston (Pat N. Fahey, of Houston, of counsel), for appellants.

Williams, Lee, Sears & Kennerly and Fred W. Moore, all of Houston, for appellee.

LANE, Justice.

On the 17th day of December, 1925, G. M. Olive and Rosa Olive conveyed to C. M. Morris outlots 30 and 31, parts of the Patrick survey in Harris county, situated near Deer Park in Harris county; same being the separate property of said Rosa Olive. Such conveyance was made under and subject to and in accordance with the terms of a written agreement entered into between C. M. Morris and G. M. Olive, of date December 17, 1925, the pertinent parts of which are as follows:

"That, whereas, C. M. Morris has this day purchased from the Houston National Bank, a part of that certain Judgment that was recovered by said Bank in cause Number 109,955, styled G. M. Olive, et al. v. Houston National Bank, et al., which is duly recorded in the Minutes of the 80th Judicial District Court of Harris County, Texas, in Vol. 14, page 296, and being all of that part of said Judgment which was secured by Vendor's Liens and Deed of Trust Liens. And in said Judgment it was provided that the property hereinafter described should be sold to satisfy a vendor's lien of Ten Thousand, One Hundred and Nineteen ($10,119.00) Dollars, and interest thereon at the rate of 6% per annum from August 15, 1925; and it was further provided that said lands might be sold to secure the payment of Twenty-eight Hundred and Sixty-three ($2863.00) Dollars, with 6% interest thereon from August 15, 1925; and the said C. M. Morris, having paid to said Bank the sum of Thirteen Thousand, Two Hundred and Forty-Eight and Fifteen/100 ($13,248.15) Dollars, and said Bank having this day assigned and transferred unto the said C. M. Morris that part of said Judgment wherein said Bank did recover an order of foreclosure of the vendor's lien to secure the $10,119.-00, with 6% interest as aforesaid, and also that part of said Judgment wherein they did recover a foreclosure of their deed of trust lien, to secure the sum of $2,863.00 with 6% interest as aforesaid; and in consideration of the fact that the said C. M. Morris did pay off said two liens for the amount above stated, as provided and established in said Judgment afore-mentioned, I, the said G. M. Olive, joined therein by my wife, Rosa May Olive, have this day conveyed all of the lands described in said Judgment upon which the said Houston National Bank procured judgment foreclosing the vendor's lien and deed of trust lien held by it; and the title of all of said lands are now in C. M. Morris, except the south one-half of Block 85, in the Town of Pasadena, which was this day conveyed by the said C. M. Morris to my wife, Rosa May Olive.

"And the said C. M. Morris, being desirous of not causing me to lose all of the value of said lands described in said decree and described in the deed from my wife, Rosa May Olive, and myself to the said C. M. Morris, we, the said G. M. Olive and C. M. Morris, have this day entered into the following agreement, to-wit:

"1st. It is agreed and understood that the said C. M. Morris will place a value upon said lands at which they shall be sold. And the said G. M. Olive and the said C. M. Morris will act together and individually to sell said lands; until enough of said lands are sold to pay back unto the said C. M. Morris all sums of money advanced by him in the redemption of said lands from said liens above described; with eight (8%) per cent interest per annum thereon included in the amount to be received by the said C. M. Morris, all taxes that he may have to pay in the future, all such attorney's fees as he had to pay in the consummation of said transfer and assignment from the bank to C. M. Morris, including all of the legitimate out-lay in reference to the partition, improvements, or any other expense that was honestly incurred and fairly made.

"This contract and agreement is to be in force for a period of three years from this date, and represents compensation to be made to Mr. G. M. Olive for his assistance in selling and disposing of the lands this day conveyed to C. M. Mor-

ris by myself and my wife. The understanding herein which is tried to be made plain, but which is understood thoroughly between the contracting parties hereto, is, that during the next three years, with the assistance of G. M. Olive, or C. M. Morris, individually, or each or both, said lands, or a portion thereof, have been sold for enough to reimburse the said C. M. Morris in all sums paid out by him, with eight (8%) per cent interest per annum added thereto, all amounts in excess thereof is to be equally divided between C. M. Morris and Rosa May Olive, in whom the title stood at the time the conveyance was made to the said C. M. Morris.

"2nd. Now it is further especially agreed and understood that if at any time enough of said property mentioned in said decree and in said deed from Rosa May Olive and G. M. Olive to C. M. Morris, situated in or near the Town of Pasadena, has been sold for enough to pay back to C. M. Morris all of the money that he has expended with 8% interest thereon, then, and at that time, C. M. Morris will convey back to Rosa May Olive the twenty (20) acres of land described in said Judgment and deed, located at or near Deer Park in the Patrick League, in Harris County, Texas.

"3rd. While this agreement provides that it shall be in force for a period of three years, it is thoroughly agreed and understood that C. M. Morris may sell all of said lands, except the Deer Park lands, at any time that in his judgment they should be sold, it being thoroughly agreed and understood that the said C. M. Morris will exercise his best judgment and discretion in an effort to procure the best price possible for said lands, it being the arrangement between, and the purpose and understanding of, all parties hereto, that the amount of money that C. M. Morris has expended, as herein provided for and contemplated, is to be returned to him with 8% interest, and any excess received therefor from the proceeds of the sales of said lands, or any part thereof, is to be equally divided as above provided; but it is not the intention of anyone to in any way interfere with the sale of the Pasadena lands, if C. M. Morris thinks it is advisable to sell them.

"4th. It is further thoroughly agreed that the said C. M. Morris, after he is paid back all sums of money that he advances under this contract and agreement, has a perfect right to sell, assign or transfer any notes taken in the purchase of said lands.

"5th. When the said C. M. Morris has received back all monies he has expended, with 8% interest thereon, then it is agreed and understood that the said C. M. Morris and the said G. M. Olive will then enter into another agreement, or partition such lands and notes, as they have left."

G. M. Olive and Rosa Olive brought this suit to require C. M. Morris to perform the contract above set out according to its terms as contended for by them.

The plaintiffs allege that the clause of the contract which they sue to have specifically performed is paragraph 2 of the contract, which we have above set out. They allege that the conditions and requirements provided in such paragraph had been fulfilled, in that enough of the land in or near Deer Park had been sold for enough to pay back to C. M. Morris all the money he had expended, with 8 per cent. interest thereon, and that plaintiff Rosa Olive therefore is entitled to the reconveyance provided for in said second paragraph of the contract.

Plaintiffs further allege that G. M. Olive fully complied with the terms of said written agreement; that on or about October 1, 1928, C. M. Morris sold and conveyed to Kelly and Spencer a part of the land involved for a consideration of $29,-316.88, of which $1,316.88 was paid in cash and the balance by nine promissory vendor's lien notes bearing 7 per cent. interest per annum, each being for the sum of $3,-300.

Plaintiffs further allege that when the sale had been made to Kelly and Spencer and when said parties paid the $1,316.88 and had executed and delivered the nine notes, C. M. Morris had in fact sold enough of the property for enough to pay back to C. M. Morris all the money he had expended, with 8 per cent. interest thereon, and therefore Rosa May Olive was under the terms of the contract entitled to have reconveyed to her as her separate property outlot 30, lying near Deer Park, which is described in the contract; C. M. Morris having conveyed outlot 31 to the said Rosa May Olive on the 25th day of August, 1931.

Plaintiffs further allege that the conveyance from G. M. and Rosa May Olive to C. M. Morris was in consideration of the payment by C. M. Morris of the sum

of $13,248.15, a lien existing against a part of the land conveyed, but as a part of said land had been sold for more than $29,000, it was sold for more than enough to pay to Morris the amount of the $13,248.15 which he paid on the aforesaid lien, and therefore under the terms of the contract Rosa May Olive is entitled to a reconveyance of outlot 30, above described, and that C. M. Morris is in duty bound to make such conveyance; that at the time of the execution of the contract and agreement mentioned, and at all times since, Rosa May Olive has been and is still a feme covert, the wife of G. M. Olive.

Plaintiffs pray for a decree requiring C. M. Morris to "specifically perform said contract and be enjoined to make said conveyance in said contract provided, and that these plaintiffs recover their costs herein. Plaintiffs further pray the court for all relief, general and special, both in law and in equity to which they may be entitled."

Defendant Morris addressed the following special exception to the plaintiffs' petition:

"Defendant specially excepts to plaintiffs' petition for the reason that it is nowhere stated therein that defendant has received in money a sufficient sum to cover his expenditures in accordance with Paragraph I of the contract attached to plaintiffs' said petition, marked 'Exhibit A'; that it is nowhere alleged in said pleading that defendant has at any time received in money from the sale of the lands referred to in the petition the expenditures admitted by plaintiffs, to-wit: $13,248.15 with 8% interest thereon, plaintiffs' entire action being based upon a sale from which, according to plaintiffs, said defendant received $1316.88 in cash and nine notes; that plaintiffs wholly failed to allege that defendant received anything from said notes or any money out of the contract set out in 'Exhibit B', attached to plaintiffs' petition, when the meaning and the intent of the contract referred to as 'Exhibit A' in said petition is unquestionable that defendant shall recover his expenses in cash and until that event occurs plaintiffs have no right to recover the title or possession of Outlot Thirty (30) now sued for.

"Wherefore, defendant prays that plaintiffs' action be dismissed and that defendant recover his costs."

Such special exception was by the court sustained, and upon the refusal of counsel for the plaintiffs to amend, the court ordered the suit of plaintiffs dismissed and from such order the plaintiffs have appealed.

For reversal of the judgment of dismissal, appellants contend that the court erred in sustaining appellee's special exception, in that appellants did allege that C. M. Morris had sold enough of the Pasadena land for enough to repay him all the money expended by him, with 8 per cent. interest thereon, and therefore it was not necessary for appellants to allege that appellee had actually received enough money to repay him, notwithstanding the fact that the plaintiff specially alleged that the land was sold for $1,316.88 cash and nine promissory notes, all aggregating $29,000, and notwithstanding that there was no allegation that C. M. Morris had in fact been repaid all the money he had expended under the terms of the contract, together with 8 per cent. interest thereon.

We overrule appellants' contention. The exception of the defendants, though called a special exception, was in the nature of a general demurrer, which when sustained left the plaintiffs without any allegation setting up a cause of action upon which the recovery prayed for could be had. We think that when the contract between the parties is read and considered as a whole, it authorizes C. M. Morris to sell all of the Pasadena land at any time he should judge best in an effort to get the best price possible therefor; the purpose of the parties being that the land should be sold to procure *money* to repay C. M. Morris all the *money* he had expended in the transaction relative to the main features of the contract, and those incidental thereto, together with 8 per cent. interest per annum thereon. It being provided in such contract that after all such *money* had been paid, and only thereafter, any excess proceeds of such sale should be equally divided between C. M. Morris and G. M. Olive. There is no reasonable ground for the contention that by the contract the parties agreed that Morris might be repaid in notes or in anything other than money. We think it cannot be reasonably contended that Morris could be compelled to accept notes in repayment of money paid out by him under the terms of the contract, which might finally force him to take the Pasadena land in satisfaction of the money due him.

Believing that the observations above expressed satisfactorily dispose of the conten-

tion of appellants adversely to them, and seeing no reason for a further discussion of the one question presented by the appeal, we order that the judgment be affirmed.

Affirmed.